M. D. COLLINS V. STATE.

No. 25096. January 24, 1951.

*Fred C. Chandler*, Colorado City, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of beer containing alcohol in excess of one-half of one per cent by volume in a dry area for the purpose of sale, with punishment assessed at 6 months in jail and a fine of $500.

As a result of a search admitted to have been legally made, two deputy sheriffs found in the house of appellant 52 twelve-ounce cans of beer consisting of a case containing 24 cans and 4 others not in a case which were found in the ice box, and another 24-can case found in the bathroom.

Appellant testified that the beer found by the officers belonged to him. He denied that he had the beer for sale, and testified that he had it for his own use. He explained that his wife's brother was visiting him and that they had planned to take the beer to a park at Lubbock and drink it.

Appellant further testified that he was engaged in buying and selling cattle, and had not sold or permitted the sale of beer or whiskey on his premises. He offered other testimony to the effect that he was engaged in the cattle business. Checks bearing his signature and showing that they were given in payment for cattle and hogs were introduced.

At the time of the search, appellant's wife told the officers that the beer was hers and that her brother brought it to her from Fort Worth.

It was stipulated that the area was dry.

The trial court instructed the jury on the prima facie evidence rule as provided in Art. 667-25b P.C., and on appellant's defense that his possession of the beer was not for the purpose of sale, and the jury resolved this issue of fact against appellant.

There are three bills of exception. Bill No. 1 complains that the trial court refused to permit the introduction of "num-

erous checks and bank statements together with livestock sales tickets" which appellant offered for the purpose of showing that he was engaged in a legitimate business and rebutting the state's theory that he was engaged in the sale of beer.

It is shown in the qualifications to this bill that there were some 300 documents offered and the court admitted some of the checks and refused to permit the remainder. It is further shown that the court permitted appellant and his witnesses to testify that he was actually engaged in the cattle business and had been for several years.

The qualifications further recite "that it was not the State's theory of the case that the defendant was engaged in the sale of beer, but that the State contended that the defendant possessed the beer in question for the purpose of sale."

We find no error in the ruling of the court in declining to permit the introduction of such exhibits. Assuming that the 300 documents would have established the fact that appellant was engaged in the cattle business, a fact testified to by appellant and his witnesses without dispute, such fact would not constitute a defense. If appellant had the beer for the purpose of sale, it was immaterial that he was engaged at the time in the business of buying and selling livestock, and that he had checks, bank statements, and livestock sales tickets showing many such transactions.

Having permitted the testimony of the witnesses and a number of checks to be offered in evidence, the trial court was justified in excluding the remainder of the 300 documents as immaterial and irrelevant.

Bill No. 2 is multifarious. It complains that the trial court declined to instruct the jury to disregard and not consider several questions by the district attorney and the answers thereto. The questions are set forth in the bill as questions propounded to appellant as follows:

"Have you ever sold whiskey within the last two years?"

"Have you ever sold beer within the last two years?"

"Have you ever been arrested for sale of beer or whiskey?"

The bill also complains of the answers to such questions, but no answere are embodied therein.

In qualifying this bill the trial court certifies that the last two questions were not asked, and that the question asked was "Have you sold any whiskey or beer within the past six months prior to June 25, 1950?"

No error is shown by this bill.

Bill No. 3 complains that after the propounding of the questions set out in Bill No. 2, he again offered in evidence the checks, bank statements and the sale tickets for the purpose of rebutting the state's theory of the case.

This bill is qualified in a similar manner to the other bills. What has been said regarding Bill No. 1 also disposes of this bill.

No error appearing, the judgment is affirmed.

Opinion approved by the court.